UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JUAN CARLOS ARGUEDAS *et al.*,<br><br>                              Plaintiffs,<br><br>v.<br><br>JESUS ALBERTO CARSON *et al.*,<br><br>                              Defendants. | Case No.:  20-CV-2044-LL (WVG)<br><br>**ORDER DENYING JOINT MOTION TO MODIFY THE SCHEDULING ORDER REGULATING DISCOVERY AND OTHER PRE-TRIAL PROCEEDINGS** |

Pending before the Court is a Joint Motion to Modify the Scheduling Order Regulating Discovery and Other Pre-Trial Proceedings ("Joint Motion"). (Doc. No. 51.) The Joint Motion requests the Court extend the fact and expert discovery deadlines, mandatory settlement conference, and pre-trial motion cutoffs by sixty days. For the reasons set forth below, the Joint Motion is **DENIED without prejudice.**

Rule 16(b)(4) of the Federal Rules of Civil Procedure ("Rule 16(b)(4)") governs when a Court may modify a scheduling order. In determining whether to modify a scheduling order, the Court considers the "good cause" standard set out by Rule 16(b)(4). Rule 16(b)(4)'s "good cause" standard primarily considers the diligence of the parties seeking the amendment. The district court may modify the pretrial schedule "if it cannot reasonably be met despite the diligence of the party seeking the extension." *Johnson v. Mammoth Recreations, Inc.*, 975 F.2d 604, 609 (9th Cir. 1992) (citing to Fed.R.Civ.P. 16

advisory committee's notes (1983 amendment); *Harrison Beverage Co. v. Dribeck Importers, Inc.*, 133 F.R.D. 463, 469 (D.N.J.1990); *Amcast Indus. Corp. v. Detrex Corp.*, 132 F.R.D. 213, 217 (N.D.Ind.1990); *Forstmann v. Culp*, 114 F.R.D. 83, 85 (M.D.N.C. 1987); 6A Wright, Miller & Kane, *Federal Practice and Procedure* § 1522.1 at 231 (2d ed. 1990) ("good cause" means scheduling deadlines cannot be met despite party's diligence). Moreover, Civil Local Rule 16.1(b) requires all counsel "take all steps necessary to bring an action to readiness for trial." Civ. L.R. 16.1(b).

The Court finds good cause does not exist to grant an additional 60 days for fact and expert discovery deadlines as the Joint Motion leaves the Court with unanswered questions pertaining to whether the Parties, particularly Defendants, have been diligent in their efforts to expeditiously conduct discovery within the Scheduling Order's deadlines. On one hand, the Joint Motion details the discovery Plaintiffs have thus far conducted. For example, on December 23, 2022, Plaintiffs propounded their second set of Request for Productions ("RFP") to Defendants. (Doc. No. 51 at 2:14-15.) Plaintiffs then provided three extensions to Defendants and the Parties have been in engaged in meet and confer efforts regarding those RFPs since February 11, 2022. (Doc. No. 51 at 2:15-20.)

However, the Joint Motion is almost entirely silent in detailing the discovery Defendants have been in engaged in since the November 23, 2022 Case Management Conference. On May 4, 2022, Defendants GMR and Caron produced 1,500 pages of documents in response to Plaintiffs' RFPs and the Parties represent that the delay in production was a result of Defendants' inability to reach the custodian of documents, Skyborne. (Doc. No. 51 at 2:21-9.) Although the Joint Motion states Skyborne's President reestablished contact with Defendants' counsel on July 11, 2022, after deposition notices were served, the Joint Motion is entirely silent as to any efforts Defendants made between November 2021 and July 11, 2022 to obtain the relevant documents. Instead, the Joint Motion merely states Skyborne had cooperated with Defendants' informal request to produce relevant information prior to the Early Neutral Conferences ("ENE") held on November 4, 2022 and November 23, 2021 but Defendants have since been unable to reach

Skyborne following the ENE phase of litigation. (Doc. No. 51 at 3:3-17.) The Joint Motion is also silent as to whether Defendants have conducted any discovery unrelated to the documents in the custody of Skyborne. No information was provided as to the status of Defendants' written interrogatories or whether any depositions have occurred.

Finally, the Joint Motion also did not specify whether the additional sixty days sought would be limited to only conducting discovery related to the ongoing document production from Skyborne or if the additional sixty days would be additional time for the Parties to conduct any type of discovery. In the context of these unanswered questions and the sense Defendants GMR and Carson have been dilatory during the course of discovery, the Court is not persuaded the Parties have made a diligent effort to conduct discovery within the Scheduling Order's deadlines. Accordingly, the Parties' Joint Motion is **DENIED without prejudice.**

      IT IS SO ORDERED.

DATED: July 25, 2022

                                          Hon. William V. Gallo
                                          United States Magistrate Judge